UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

    v.                                                   NO. 17-cr-10305-ADB

JOSEPH BAPTISTE,

    Defendant.

## ORDER OF EXCLUDABLE DELAY

KELLEY, M.J.

A final status conference was held on April 24, 2018. Defense counsel has only recently accessed discovery and requires time to confer with the government concerning some discovery requests. The court continued the case to May 3, 2018 at 10:30 a.m. for a final status conference. With the agreement of the parties, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this Court enter excludable time for the period from April 24, 2018, up to and including May 3, 2018, so that the parties may exchange discovery, prepare for trial, and negotiate resolution of the case.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that

                /s/ M. Page Kelley
                M. PAGE KELLEY
                United States Magistrate Judge

---

failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).