UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | * | |
|---|---|---|
| | * | |
| v. | * | |
| | * | Criminal Action No. 17-cr-10305-ADB |
| JOSEPH BAPTISTE and | * | |
| ROGER RICHARD BONCY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

# MEMORANDUM AND ORDER ON THE GOVERNMENT'S MOTION *IN LIMINE* ON THE ADMISSIBILITY OF DEFENDANT BAPTISTE'S SIGNED STATEMENT OF FACTS

BURROUGHS, D.J.

Currently before the Court is the Government's motion *in limine* and supplemental memorandum concerning the admissibility of Defendant Joseph Baptiste's signed statement of facts. [ECF Nos. 79, 141].

The motion *in limine*, supplemental memorandum, and previous representations made by the Government evidence its intent to use at trial a statement of facts signed by Defendant Baptiste in the course of plea negotiations that did not ultimately culminate in a guilty plea. See [ECF No. 80 at 1; ECF No. 141 at 8]. As the Government correctly points out, although Federal Rule of Evidence 410 would generally preclude the use of this statement, the protections afforded by Rule 410 can be waived so long as the waiver was knowing and voluntary. See [ECF No. 141 at 3 (citing United States v. Mezzanatto, 513 U.S. 196, 210 (1995))]; see also Fed. R. Evid. 410.

In this case, the waiver relied upon by the Government is part of the terms of the plea agreement. See [ECF No. 141-1 at 1, 8]. In construing the terms of the waiver, the Court relies on general principles of contract law, including that any ambiguity in the language of the plea is

construed against the drafter, here the Government.  See United States v. Clark, 55 F.3d 9, 12 (1st Cir. 1995) ("We are guided in our interpretation of plea agreements by general principles of contract law."); United States v. Anderson, 921 F.2d 335, 337 (1st Cir. 1990) ("It is black letter law that plea agreements, 'though part and parcel of criminal jurisprudence, are subject to contract-law standards in certain respects.'" (quoting United States v. Hogan, 862 F.2d 386, 388 (1st Cir. 1988)).  Further, because this is a criminal case, the Court is particularly careful to resolve all ambiguities in favor of the Defendant.  See United States v. Newbert, 504 F.3d 180, 185 (1st Cir. 2007) ("Ambiguities in plea agreements are construed against the government."); see also United States v. Melvin, 730 F.3d 29, 37 (1st Cir. 2013) ("[A]n ambiguous term in a contract normally should be construed against the interest of the drafter, and this praxis applies to proffer agreements.").

In support of its view that there was a voluntary and knowing waiver, the Government points to two different provisions of the plea agreement.  See [ECF No. 80 at 2; ECF No. 141 at 1–2].

First, it relies on the section of the plea agreement captioned "Change of Plea," specifically the language that reads:

> Defendant agrees to the accuracy of the attached Statement of Facts and, notwithstanding Fed. R. Evid. 410, stipulates to the admissibility thereof in any proceeding against him in the United States or elsewhere.  Defendant also agrees to waive venue, any applicable statute of limitations, and any legal or procedural defects in the Information.

[ECF No. 141-1 at 1].  This entire section, however, arguably only obligates Defendant Baptiste once he has actually pled guilty.  This is evidenced by the title of the section as well as by the fact that the paragraph includes other waivers as to venue, statute of limitations, and any defects in the charging document that would clearly not be enforceable absent an actual change of plea.

The Government next relies on paragraph 13 of the plea agreement which is captioned "Breach of the Plea Agreement." [Id. at 8]. The pertinent language here reads as follows:

> Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea but, will give the Government the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the Government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

[Id.]. In the view of the Government, the language that allows the use of a defendant's statement in the event of a breach gives the Government the right to use the signed statement at issue here at trial. See [ECF No. 141 at 7–8]. The first part of that same sentence, however, seems to presuppose that the guilty plea has already taken place (". . . shall not give rise to grounds for withdrawal of Defendant's guilty plea . . . ."), thus suggesting again that terms of the plea agreement contemplate the Government having the right to use such a statement in the event of a post-plea breach, or in other words, that it does not have the right to use the statement without a prior guilty plea.

To be sure, the Government could have written the plea agreement to allow the use of a signed statement without a guilty plea. In this case, however, where the language is ambiguous and can be read to allow the use of a signed statement only after a guilty plea, the Court must find in favor of Defendant Baptiste and bar the use of the signed statement at trial. See Mezzanatto, 513 U.S. at 201–02, 210 (allowing for enforcement of agreements to waive evidentiary rules); Newbert, 504 F.3d at 185 (stating well-established rule that ambiguity in plea agreements are construed against the Government).

Accordingly, for the reasons stated herein, the Government's motion *in limine* on the admissibility of Defendant Baptiste's signed statement of facts [ECF No. 79] is <u>DENIED</u>.

**SO ORDERED.**

May 31, 2019
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE