UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEPH BAPTISTE and<br>ROGER RICHARD BONCY,<br><br>Defendants. | Criminal Action No. 17-cr-10305-ADB |

## **MEMORANDUM AND ORDER ON DEFENDANT BONCY'S MOTION TO DISMISS**

BURROUGHS, D.J.

On October 30, 2018, a grand jury returned a superseding indictment against Joseph Baptiste and Roger Richard Boncy charging them with conspiring to violate the Travel Act and the Foreign Corrupt Practices Act, conspiring to commit money laundering, and violating the Travel Act based on their efforts to bribe Haitian officials to promote a port development project in Môle Saint Nicolas, Haiti. [ECF No. 74 ("Superseding Indictment")]. Currently pending before the Court is Defendant Boncy's motion to dismiss the Superseding Indictment on the basis that certain of the FBI's recordings of telephone calls between Mr. Boncy and an undercover FBI agent ("the Recordings") have been destroyed. [ECF No. 123].

On June 6, 2019, the Court held an evidentiary hearing regarding the destruction of the Recordings ("June 6 Hearing") at which Defendant Boncy questioned the undercover agent who participated in the Recordings, the case agent, and the Supervisory Special Agent for the Operational Technology Division in Quantico, VA. See [ECF Nos. 154, 156]. Testimony presented at the June 6 Hearing concerned the content of the Recordings, the FBI's standard practices for collecting and preserving evidence, and the circumstances of how the Recordings were destroyed.

As stated on the record at the June 6 Hearing, the Court concludes that the Recordings were inadvertently destroyed by the Government. The series of events that led to the destruction of the Recordings involved both sloppiness and unforeseen technological issues. Furthermore, the Court is unable to conclude based on the evidence presented whether the Recordings were exculpatory. Although it is seems clear that on one of the Recordings Defendant Boncy relayed information to the undercover agent that was "different" than information shared by Defendant Baptiste, the extent of the difference and whether it amounts to a conclusion that the Recordings are exculpatory is not knowable on the record before the Court.

Accordingly, because the Government's destruction of evidence was careless, rather than intentional, dismissal is not an appropriate remedy, and Defendant Boncy's motion to dismiss [ECF No. 123] is <u>DENIED</u>. The Court, however, will consider less extreme remedies to be proposed by the parties within the parameters discussed with counsel at the June 6 Hearing.

**SO ORDERED.**

June 10, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE